1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PATRICIA ANN BASCOM,

     Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

     Defendant.

Case No.: 2:21-cv-01073-NJK

**ORDER**

[Docket No. 16]

Pending before the Court is the parties' stipulation for attorneys' fees and expenses. Docket No. 16; *see also* Docket No. 17 (supporting memorandum). For the reasons discussed below, the stipulation is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

This is an action for judicial review of the denial of social security benefits.  On October 12, 2021, the Court issued an order granting the parties' joint stipulation for voluntary remand for further administrative action pursuant to the Social Security Act § 205(g), as amended, 42 U.S.C. § 405(g).  Docket No. 15.  The order included directions for the Clerk of the Court to enter a final judgment in favor of the Plaintiff, which the Clerk did.

On December 7, 2021, Plaintiff filed the instant stipulation for an award of $1,100 in attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Docket No. 16. Plaintiff accompanied this filing with a supporting memorandum and documentation.  Docket No. 17.

## II.   LEGAL STANDARD

The Court has an independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed.  *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020); *see also Lucas v. White*, 63 F. Supp. 2d

1046, 1060 (N.D. Cal. 1999); *Antunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017). This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections"); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (case law interpreting § 1988 applies equally to the task of determining a reasonable fee under the EAJA). This obligation is also highlighted by the Court's Local Rules. *See* LR 7-2(d) (an unopposed motion may be summarily granted except, *inter alia*, a motion for attorneys' fees); LR 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

## III.  ANALYSIS

### A.  Judicial Review

Plaintiff attempts to interfere with the Court's obligation to examine the reasonableness of the requested fees rigorously. Docket No. 17 at 8, 10-12. Specifically, Plaintiff submits that the Court should ignore its obligation in favor of allowing a settlement regarding the amount of owed attorneys' fees. In effect, Plaintiff asks the Court to approve her fee request without reviewing the factual premises upon which the fee request relies, including the hours claimed to be expended and the hourly rate purported to be reasonable. To do so would nullify the Court's independent legal obligation to review the reasonableness of the requested fees. Thus, the Court will assess the reasonableness of the instant request for attorneys' fees by reviewing the hours claimed to be expended and the hourly rate purported to be reasonable.

**B.  Hours Expended**

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable.  *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013).  The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010).  The reasonableness of hours expended depends on the specific circumstances of each case.  *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff seeks to recover for 5.1 hours of attorney time spent on this case.  Docket No. 17 at 7.  The billing records show that one attorney from the out-of-state Law Office of Rohlfing & Kalagian, LLP worked on this case: Marc V. Kalagian.  Docket No. 17-3.  The records indicate that Mr. Kalagian spent this time reviewing court orders, corresponding with his client, and preparing court filings.  The Court finds that the reported hours are reasonable, and will therefore include 5.1 hours of attorney time in the lodestar calculation.

Plaintiff also seeks to recover for 0.5 hours of paralegal time.  Docket No. 17 at 7.  Time spent by a paralegal on clerical matters is part of a law firm's overhead and is not recoverable under the EAJA.  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  Tasks such as organizing documents and maintaining a case file are clerical in nature.  *See id.* "Receipt" of a court order or other document is similarly clerical in nature.  *See, e.g.*, *McDade v. Saul*, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22, 2019); *Garcia v. Colvin*, 2013 WL 5347494, at *7–8 (E.D. Cal. Sept. 23, 2013); *Santos v. Astrue*, 2008 WL 2571855, at *3 (C.D. Cal. June 26, 2008).  Here, the billing records show one entry for paralegal work which includes two instances of a paralegal's "receipt" of an order or other document, amounting to 0.5 hours.  Docket No. 17-3.  The Court will exclude these hours for clerical work and will therefore include 0 hours of paralegal time in the lodestar calculation.

Accordingly, the Court will calculate the lodestar using 5.1 hours of attorney time and 0 hours of paralegal time.

. . . .

### C.  Hourly Rate

Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates of the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).  A cost-of-living adjustment is not automatic.  *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989).  Whether to adjust the hourly rate to compensate for inflation is a matter entrusted to the Court's discretion.  *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living") (emphasis added); *see also Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005).  The movant bears the burden of establishing a sufficient basis for such an enhancement.  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  Even when a showing has been made for enhanced rates under the EAJA, the movant must also show that those rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Nadarajah*, 569 F.3d at 916; *see also Bryant*, 578 F.3d at 450.

Plaintiff seeks an hourly attorney rate of $213.74.  Docket No. 17 at 5.  Plaintiff fails to include any information showing that such a rate is in line with the prevailing rates in the community for similar services by lawyers of comparable skill, experience, and reputation.  Plaintiff's only showing in support of such a rate being proper is based on an increase in the cost of living and an assertion that knowledge of the underlying issues for potential briefing mandate an upwards adjustment.  *Id.* at 5-6.  This is supported by a citation to the United States Consumer Law Report.  Docket No. 17-2.  However, mere reference to the consumer law survey is not grounds to award the rate sought.  *See, e.g., Rosemary C. v. Berryhill*, 2018 WL 6634348, at *5 (D. Me. Dec. 19, 2018) (discounting value of consumer law survey given that it does not specify that it includes data for legal professionals working in the social security field).  Absent any additional reason as to why such an increase is proper, the Court finds that Plaintiff fails to provide sufficient information permitting the Court to exercise its discretion to increase the attorney hourly

1 rate provided for in the EAJA.  Therefore, the Court will calculate the attorneys' fees at the $125
2 statutory cap.

3    Given that the Court will include 0 hours of paralegal time, it does not assess whether or
4 not Plaintiff's requested increased rate for paralegal time is reasonable.

5    **D.  Lodestar Calculation**

6    In light of the above, the Court will award attorneys' fees in the amount of 5.1 hours of
7 attorney time at the hourly rate of $125.  Accordingly, attorneys' fees will be awarded in the
8 amount of $637.50.

9 **IV.**    **CONCLUSION**

10    For the reasons discussed above, Plaintiff's request for fees and expenses, Docket No. 16,
11 is hereby **GRANTED** in part and **DENIED** in part.  Attorneys' fees are awarded in the amount of
12 $637.50.  These fees awarded under the EAJA must offset any later attorneys' fees awarded under
13 42 U.S.C. § 406(b), if such an award is made.

14    IT IS SO ORDERED.

15    Dated: December 8, 2021

16
17          Nancy J. Koppe
       United States Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28